[732 NYS2d 335]

In the Matter of PETER S. NAVON (Admitted as PETER SCOTT NAVON), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 30, 2001

- **APPEARANCES OF COUNSEL**

*Roberta N. Berkwits* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Peter S. Navon was admitted to the practice of law in the State of New York by the Second Judicial Department on January 9, 1991, under the name Peter Scott Navon. He was suspended from practice in New York on September 17, 1998, effective October 19, 1998, for failure to register and pay fees in violation of Judiciary Law § 468-a.

This is an application by the Departmental Disciplinary Committee (DDC) seeking an order pursuant to Rules of this Court (22 NYCRR) § 603.11, accepting respondent's resignation and striking his name from the roll of attorneys.

Review of respondent's affidavit, dated May 28, 2001, reveals that it fully complies with the requirements of section 603.11. Respondent states there that his resignation is freely and voluntarily tendered, without coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Respondent further acknowledges that he is the subject of a reciprocal discipline proceeding by the DDC based upon his consent to permanent disbarment in the State of New Jersey, and he admits to having engaged in professional misconduct. Specifically, respondent admits that he was the subject of an audit by the Office of Attorney Ethics of the Supreme Court of New Jersey; that he failed to maintain an attorney business account as required under the New Jersey Court Rules; that he used his trust account as a business account as well; that he knowingly commingled personal and trust funds in violation of both the New York and New Jersey Rules of Professional Conduct; and that he knowingly misappropriated New Jersey client funds held by him in his trust account.

Respondent also concedes that he had a negative trust account balance of $25,964.33 as of October 31, 2000, as well as other monthly shortages, and used his trust account for cash withdrawals, checks payable to himself and to pay personal and business expenses. He acknowledges that if charges were brought against him in New York, predicated upon the facts leading to his disbarment in New Jersey, he could not successfully defend himself against such charges.

Accordingly, in view of respondent's acknowledgment of his professional misconduct, and inasmuch as his affidavit fully complies with section 603.11, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys, effective immediately.

WILLIAMS, J. P., TOM, MAZZARELLI, LERNER and SAXE, JJ., concur.

Motion granted, respondent's resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.